


FILED
JUL 1 5 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CHONG B. PARK and<br>OK Y. PARK,<br><br>    Debtors.<br>———————————————<br>PURE DESIGN, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>CHONG B. PARK,<br><br>    Defendants. | Case No. 04-33466-C-7<br><br><br><br><br><br><br>Adv. Proc. No. 05-02065 |

**MEMORANDUM DECISION DENYING MOTION
FOR SUMMARY JUDGMENT**

On June 9, 2005, plaintiff filed a motion for summary judgment, pursuant to Federal Rule of Civil Procedure 56 as incorporated by Federal Rule of Bankruptcy Procedure 7056, in which it asserted that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. On June 30, 2005, defendants filed an opposition to plaintiff's motion for summary judgment.

A hearing on the motion was scheduled for July 12, 2005. Upon review of the record, the court determined that



the written record was adequate and that oral argument was not necessary.

Plaintiff's summary judgment motion is predicated upon a state court judgment rendered in their favor against defendants. Plaintiff argues that the state court judgment "is entitled to collateral estoppel and is conclusive of fraud ... The fact that judgment was entered by default is not relevant. As a result, plaintiff's judgment is nondischargeable."

In support of its motion, plaintiff submitted a copy of the state court complaint and judgment. The state court complaint asserted three causes action: breach of contract, common count, and fraud.

The state court judgment was entered on July 16, 2004 by default, after the court considered plaintiff's written declaration pursuant to California Code of Civil Procedure § 585(d). The amount of the judgment is for a total of $1,093,743.75 and is broken down as follows: damages of $89,115; prejudgment interest at the annual rate of ten percent of $4,151.40; costs of $477.35; and punitive damages in the amount of $1,000,000.

The court may grant a motion for summary judgment if there is no genuine issue as to a material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56(c), as incorporated by Federal Rule of Bankruptcy Procedure 7056; <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242 (1986).

"Under the Full Faith and Credit Act, 28 U.S.C. § 523(a), the preclusive effect of a state court judgment in a subsequent bankruptcy proceeding is determined by the preclusion law of the state in which the judgment was issued." Harmon v. Kobrin (In re Harmon), 250 F. 3d 1240, 1245 (9th Cir. 2001). In California, issue preclusion (formerly collateral estoppel) precludes relitigation of issues argued and decided in prior proceedings, if certain threshold requirements are met, including: (1) the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding; (2) this issue must have been actually litigated in the former proceeding; (3) it must have been necessarily decided in the former proceeding; (4) the decision in the former proceeding must be final and on the merits, and (5) the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding." Id.

In this instance, plaintiff seeks to preclude defendants from relitigating plaintiff's state court claim based on a *default judgment*. Under California law, as explained in Harmon, supra, a default judgment does not operate in every instance to bar the relitigation of issues based on the doctrine of issue preclusion.

A default judgment is an estoppel as to all issues necessarily litigated therein and determined thereby exactly like any other judgment. In re Harmon, 250 F. 3d 1240, 1246. However, there are two limitations on this rule, one of which requires the issues to be "actually litigated" in

actions resulting in default judgments. Id. The principle that a defaulting defendant "is presumed to admit all the facts which are well pleaded in the complaint" is necessarily limited by allowing an issue to have preclusive effect "only where the record shows an express finding upon the allegation for which preclusion is sought." Id. at 1247. Thus, a court's silence concerning a pleaded allegation does not constitute adjudication of the issue. Id.

Here, the state court judgment only states that plaintiff is to recover from defendant a certain sum. The state court made no express finding concerning defendants allegedly fraudulent actions. The judgment does not specify whether these damages are based on fraud or breach of contract. The court cannot, therefore, determine if the state court judgment was actually decided on the fraud cause of action.

Based on the above analysis, the plaintiff has not shown that there is no genuine issue of material fact regarding the defendant's fraud. Accordingly, the plaintiff is not entitled to judgment as a matter of law.

IT IS SO ORDERED.

Dated: July 15, 2005

_____
UNITED STATES BANKRUPTCY JUDGE

4

# CERTIFICATE OF SERVICE

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Pure Design, Inc
c/o Jae S. Kim
12912 Brookhurst Street #460
Garden Grove, CA 92840

Gregory Lee
12912 Brookhurst Street #460
Garden Grove, CA 92840

Chong Park
11561 Melones Drive
Gold River, CA 95670

Barry Spitzer
2485 Natomas Park Drive #340
Sacramento, CA 95833

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA  95814

Dated:   JUL 1 5 2005

_____
Deputy Clerk